# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. SA CV 20-01957-DOC-JDE            Date: December 4, 2020

Title: JUAN URUCHA V. FXI, INC., ET AL

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Before the Court is Plaintiff Juan Urucha's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 13). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

**I.    Background**

     **A.    Facts**

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1-1). This action concerns Plaintiff Juan Urucha's ("Plaintiff") release from his employment with Defendant FXI, Inc. and FXI, Holdings Inc. ("Employer Defendants"). Compl. ¶ 17-30. Plaintiff filed suit against Employer Defendants alleging exclusively state law claims: 1) discrimination in violation of California Government Code Section 12950 et. seq., 2) harassment in violation of California Government Code Section 12940 et. seq., 3) retaliation in violation of California Government Code Section 12940 et. seq., 4) failure to prevent discrimination, harassment, and retaliation in violation of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Government Code Section 12940(k), 5) failure to provide reasonable accommodations in violation of California Government Code Section 12940 et. seq., 6) failure to engage in a good faith interactive process in violation of California Government Code Section 12940 et. seq., and 7) wrongful termination in violation of public policy. *Id*. ¶¶ 31–116. Plaintiff seeks actual damages, special damages to compensate Plaintiff for loss of wages and suffering, civil penalties, costs and expenses, and attorneys' fees. *Id*. at 19–20.

### B.    Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange. Dkt. 1. Plaintiff filed the instant Motion to Remand (Dkt. 13) on November 11, 2020. On November 23, 2020, Defendants filed an Opposition ("Opp'n") (Dkt. 14), and Plaintiff submitted his Reply (Dkt. 17) on November 30, 2020.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148-49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

### III. Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Plaintiff disagrees, arguing that the amount in controversy has not been met. Specifically, Plaintiff argues that Defendant improperly employs speculative civil penalties and attorneys' fees to satisfy the amount in controvery. Mot. at 4–8.

Defendant argues that Plaintiff's actual damages, coupled with the civil penalties Plaintiff seeks, is greater than $75,000. Opp'n at 7. Further, Defendant argues attorneys' fees exceed the jurisdictional threshold and that the Court should consider attorneys' fees incurred prospectively in determining the amount in controversy. *Id*. at 12.

The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant argues that Plaintiff's actual damages amount to $113,648.40 assuming Plaintiff will recover six months of "front pay" and a judgment will not be rendered earlier than October 2022. Notice of Removal ¶ 17. But Defendant notes actual damages between Plaintiff's alleged termination date of April 23, 2019 and the date of this Notice of Removal amount to $57,195.60. Notice of Removal ¶ 17. The Court declines to include Defendant's estimate of speculative front pay or judgment dates. Nor will the Court include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Thus, the Court finds that it lacks diversity jurisdiction over this matter.

### IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is remanded to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                    Initials of Deputy Clerk: kd

CIVIL-GEN